IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LINDA J. PACULAN                                                                    PLAINTIFF

v.                                   CIVIL NO. 16-6010

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Linda J. Paculan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act ("Act"). 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on May 17, 2012. (ECF No. 9, pp. 94, 107). In her application, Plaintiff alleges disability due to problems with her spine, arthritis, back, anxiety, and attention-deficit disorder ("ADD"). (ECF No. 9, pp. 311-12). Plaintiff alleges an onset date of July 15, 2010. (ECF No. 9, pp. 94, 107). These applications were denied initially and again upon reconsideration. (ECF No. 9, pp. 94-151). Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 9, p. 155). Plaintiff's first administrative hearing was

held on July 22, 2013, in Shreveport, Louisiana before ALJ John H. Goree. (ECF No. 9. pp. 52-89). Plaintiff was present and was represented by Donna M. Price. Id. Plaintiff and Vocational Expert ("VE") William D. Elmore testified at this hearing. Id. After this hearing, on January 22, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 9, pp. 152-165). Thereafter, on February 20, 2015, the Appeals Council vacated the decision of the ALJ and remanded the case for further proceedings. (ECF No. 9, pp. 170-73).

Plaintiff's second administrative hearing was held on June 8, 2015, in Shreveport, Louisiana before ALJ W. Thomas Bundy. (ECF No. 9, pp. 36-51). Plaintiff was present and was represented by Donna Price. Id. Plaintiff and VE Anita Grant testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c). (ECF No. 15, p. 59). As for her level of education, Plaintiff completed the seventh grade and subsequently earned her GED. (ECF No. 9, p. 59).

After this hearing, on July 2, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 9, pp. 15-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2011. (ECF No. 9, p. 20, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 15, 2010, her alleged onset date. (ECF No. 9, p. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease of the lumbar spine, peripheral neuropathy, and anxiety disorder. (ECF No. 9, pp. 20-21, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or

medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 9, pp. 21-23, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 9, pp. 23-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform:

> light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she would be limited to occasional stooping, crouching, kneeling and crawling. She would lift 20 pounds occasionally and 10 pounds frequently. She is able to sit for six to eight hours and for one to two hours without interruption. She is able to stand and/or walk for six to eight hours and for one to two hours without interruption. Mentally, she is able to understand, remember, and carry out no more than 1-2-3 step instructions and have occasional contact with the public and coworkers.

Id.

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW"). (ECF No. 9, p. 27, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 9, pp. 42-44). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a photo copy machine operator, which has a DOT code of 207.685-014, with approximately sixty-six thousand two hundred eighty (66,280) jobs in the national economy, as an office helper, which has a DOT code of 239.567-010, with approximately eighty-three thousand two hundred fifty (83,250) jobs in the national economy, as a shipping and receiving weigher, which has a DOT code of 222.387-074, with approximately sixty-nine thousand nine hundred ninety (69,990) jobs in the national economy, and as a housekeeper, which has a DOT code of 323.687-014, with approximately eight hundred eighty-seven thousand nine hundred eighty (887,980) jobs in the national economy.

(ECF No. 9, p. 28, Finding 10). Because jobs exist in significant numbers in the national economy, which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from July 15, 2010, through July 2, 2015, the date of the ALJ's decision. (ECF No. 9, p. 28, Finding 11).

Thereafter, on August 31, 2015, Plaintiff requested a review by the Appeals Council (ECF. No. 9, p. 14). The Appeals Council denied this request on September 24, 2015. (ECF No. 9, pp. 9-13). On February 8, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on February 8, 2016. (ECF No. 6). This case is now ready for decision.

## II.    Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

4

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ's mental RFC is unsupported by the substantial evidence of the record as a whole; 2) the ALJ's physical RFC is unsupported by the substantial evidence of the record as a whole; and 3) the ALJ's credibility determination is legally flawed and unsupported by the substantial evidence of the record as a whole.

Of particular concern to the undersigned is the ALJ's RFC determination and the question presented to the VE at the second administrative hearing. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations. Generally, "light work" requires that Plaintiff be capable of standing or walking for a total of six hours out of an eight-hour work day. See Social Security Ruling 83-10; Carter v. Sullivan, 909 F.2d 1201, 1202 (8th Cir. 1990). The ALJ determined Plaintiff met

the requirements for light work, but that she could only sit, stand, or walk, "for one to two hours without interruption." (ECF No. 9, p. 23). Such a distinction is not clear with regard to whether Plaintiff would have to alternate between sitting and standing, take unscheduled breaks, or otherwise be off task during a so-called "interruption." This Court cannot assume that the ALJ meant one thing or another in his RFC determination where he does not specify what type of interruption may occur every one to two hours. An RFC where Plaintiff can meet the demands of work at a particular exertion level for two hours at a time is significantly different than an RFC where Plaintiff can only meet those demands for one hour at a time. The ALJ's RFC determination seems to imply that perhaps Plaintiff could endure one position until a customary break at a two hour interval, but perhaps she could not, or that some days she could and some days she could not. RFC is the *most* a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. An individual's RFC is not a vague estimation of an individual's capabilities depending on whether they are having one of their good days or one of their bad days. Because the ALJ's RFC determination does not even meet the threshold requirement of adequately describing the most Plaintiff could do despite her limitations, we cannot say it was based on substantial evidence.

Even if this Court were to assume arguendo that the ALJ's RFC determination adequately described Plaintiff's limitations, he never presented it to the VE for consideration. If Plaintiff were to take a break or otherwise be off task every hour, she would meet the requirements of the ALJ's RFC determination but the unskilled sedentary and light occupational base would be eroded. Likewise, if Plaintiff were to shift positions from sitting or standing every hour, she would meet the requirements of the ALJ's RFC determination but the unskilled sedentary and light occupational base would be eroded. Importantly, the VE was

7

never presented with the troubling portion of Plaintiff's RFC, that "[s]he is able to sit for six to eight hours and for one to two hours without interruption. She is able to stand and/or walk for six to eight hours and for one to two hours without interruption." (ECF No. 9, pp. 23, 42-44). "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (citing Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question did not include all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. Id. Therefore, the hypothetical question was improper, and the VE's answer did not constitute substantial evidence supporting the Commissioner's denial of benefits. Id., See also Lacroix, 465 F.3d at 889.

On remand, the ALJ is directed to clarify his RFC determination. If, after thoroughly reviewing the record as a whole, the ALJ determines Plaintiff must take extra breaks in excess of the customary breaks, or that she be allowed to alternate sitting and standing at will, or that her pain or other impairments alone or in combination would result in her otherwise being off task for a given portion of an eight-hour work day, the ALJ shall specify as such in his RFC determination. Then, should the ALJ determine Plaintiff cannot return to her PRW, the ALJ shall procure the expert testimony of a VE and present to him or her a hypothetical question which includes those impairments that the ALJ finds are substantially supported by the record as a whole and are indicated in the ALJ's clarified RFC determination.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be and hereby is reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 18th day of January, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE